**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUIZHENG AN,<br><br>             Plaintiff,<br><br>     v.<br><br>GTV Media Group Inc., a Delaware corporation, Saraca Media Group Inc., a Delaware corporation, Wengui Guo,<br><br>             Defendants. | No. 1:20-cv-06555-MKV<br><br>COMPLAINT FOR<br>1. Violation of Sections 12(a)(1) of the Securities Act<br>2. Violation of Section 15(a) of the Securities Act<br>3. Violation of the Washington Securities Act |

## I.  NATURE OF THE ACTION

1. This suit seeks the return of approximately $500,000, together with statutory interest and attorneys' fees, which Defendants procured from Ruizheng An ("An") through the sale of unregistered securities in violation of the Securities Act of 1933 (the "Securities Act") and Washington Securities Act, Chapter 21.20 RCW (the " Washington Act") (collectively the "Acts").

2. Both Acts forbid the sale of unregistered securities and allows purchasers of unregistered securities to assert joint and several liability against anyone whose acts were substantial contributing factors in the sales transaction.

3. The Securities Act requires the seller to return the purchase price of the unregistered securities plus any interest.

4. The Washington Act requires sellers and controllers to return the purchase price of unregistered securities plus statutory 8% interest from the date of sale, together with reasonable attorneys' fees.

5. Defendant Guo caused the establishment of GTV Media Group Inc. ("GTV") on April 17, 2020. Shortly after establishing GTV, Guo and GTV began to solicit investors to invest in GTV by purchasing the company stock (the "Offering").

6. The securities were neither registered as required under both Acts, nor subject to any exemption from registration.

7. GTV as seller, and the remaining defendants, as persons who substantially participated in and contributed to the conduct of the Offering, violated the Securities Act and Washington Act through their sale of unregistered securities.

8. After being solicited by Wengui Guo, Plaintiff's Mr. An signed a Subscription Agreement on May 2, 2020 and wired 500,000 USD to Saraca Media Group Inc. ("SMG"), the designated recipient of investment funds, on May 12, 2020, which is the parent company of GTV, therefore every defendant is jointly and severally liable for $500,000, together with 8% interest dating from May 12, 2020, and attorneys' fees.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331 because the Plaintiff asserts claims under the Securities Act of 1933.

10. This Court has personal jurisdiction over the Corporate Defendants because the corporate entities reside in this state by virtue of each maintaining its principal place of business in this state.

11. This Court has personal jurisdiction over Defendant Guo because he resides in this state.

12. This Court has personal jurisdiction over all defendants because, as described in greater detail below, each defendant purposely availed themselves of the privilege of conducting

business activities within this state, thus invoking the benefits and protection of the laws of New York.

13. This Court has personal jurisdiction over all defendants because, as described in greater detail below, each defendant committed activities in violation of the Acts in this state and judicial district.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because the corporate defendants maintain operations and principal places of businesses in this state and judicial district. Furthermore, the individual defendant resides in this state and judicial district.

### III. PARTIES

15. Plaintiff Ruizheng An, a foreign national residing in Washington, invested $500,000 by wiring this sum to Defendants Saraca and Guo's designated receiving account on May 12, 2020.

16. Upon information and belief, Plaintiff alleges Defendant GTV Media Group Inc. ("GTV") is a Delaware Limited Liability Company with its principal place of business in New York.

17. Upon information and belief, Plaintiff alleges Defendant Saraca Media Group Inc. ("SMG") is a Delaware corporation with a principal place of business in New York.

18. Upon information and belief, Plaintiff alleges SMG is the parent company of GTV.

19. Upon information and belief, Plaintiff alleges Defendant Wengui Guo is and at all time mentioned herein a foreign national residing in the State of New York. Defendant Guo controls SMG and GTV.

### IV. FACTS

20. GTV is the brainchild of Defendant Guo, a wealthy self-prescribed political dissident from China with a large number of social media followers in the U.S.

21. Guo conceived GTV to be a Tik-Tok like video streaming social-media platform for user-generated political content.

22. On May 6, 2019, SMG entered into a "Software Development Agreement" with Mr. An's company, WA&HF in which WA&HF agreed to develop the GTV video broadcast platform and its website (the "GTV APP").

23. Over the course of 2019 and early 2020, WA&HF performed under the contract, design and build the software contracted by SMG.

24. In early March 2020, WA&HF delivered an initial release of the GTV product and Defendant SMG and Guo accepted such delivery.

25. Satisfied with the initial product, Guo began soliciting investors for GTV.

26. On April 9, 2020, Guo began promoting an investment in GTV.

27. On that day, he posted a video to YouTube, which has since been removed by YouTube for violating its community guidelines, in which he touted GTV as an investment.

28. On April 15, 2020, WA&HF officially launched the App on the app store. It was immediately well received by users.

29. On April 17, 2020, Guo incorporated GTV in Delaware.

30. On April 20, 2020, Guo recorded a video giving instructions to potential private placement investors on how to invest in GTV.

31. In the video, Guo identified several individuals who would purportedly be directors of the company.

32. Guo also claimed the video was limited to private investors and not the public. However, this video was uploaded to YouTube by Guo the next day, with no restrictions on who may view it.

33. Along with the video, Guo posted a link to download investment documents, including a subscription agreement, NDA, a set of "Investment Procedure Guidelines" with instructions on how to invest, and other investment related documents.

34. The YouTube video has been viewed over 2500 times since it was posted.

35. Between April 11, 2020 and May 9, 2020, Guo made numerous recorded video presentations touting the GTV investment and soliciting investments. Guo also touted a form of

cryptocurrency that would be associated with GTV: "G-Coin", which investors would purportedly receive and which, according to Guo, would become highly valuable.

36. After being solicited by Guo, on May 2, 2020, Plaintiff signed a Subscription Agreement to invest as a private placement investor in GTV.

37. On May 12, 2020, Guo confirmed Mr. An's investment via a voice message and asked Plaintiff to make a wire transfer. Guo promised the investment will generate returns and stated that if Plaintiff loses money on the investment, Guo will make him whole.

38. On May 12, 2020, Plaintiff wired funds to SMG, the designated recipient of investment funds for investments in GTV.

39. On May 13, 2020, GNews, a website connected to GTV that is under Guo's control, published an article encouraging readers to invest in GTV. The article stated in Chinese: "The current financing stage of GTV is the earliest stage and the stage with the highest return. The investment risk corresponding to this stage is of course the largest theoretically, but the GTV fundraise is actually a risk-free act of gifting money [to investors]."

40. The last line of the article, in bold, stated in Chinese: "Mr. Wengui [Guo] let his comrades invest in GTV and buy G coins, which is a reward for the sacrifices and contributions made by all the comrades who broke the news of the revolution. There is no business risk, you just have to believe in it."

41. On June 2, 2020, Guo announced in a publicly posted video that the "private placement" had ended with him successfully raising hundreds of millions. He claimed that GTV is currently valued at *$2 billion*.

42. However, despite claiming that the private placement was over, throughout May and July 2020, Guo continued to solicit investments, including through at least one more YouTube video and an article on his website, Gnews.org.

43. This offering of GTV securities (the "GTV Offering") was not registered pursuant to any law nor subject to any exemption from registration.

44. The securities sold in the GTV offering were neither registered as required under

the Acts, nor subject to any exemption from registration.

45. Typically, private placement securities issuers file Form D filings with the SEC claiming that their private placement sale was exempt from registration because it would comply with the restrictions in 17 C.F.R. § 203.506 ("Rule 506").

46. On information and belief, Defendants knowingly offered and sold, or were willfully blind to the fact that they offered and sold, the securities in violation of the restrictions set forth under Rule 506.

47. An issuer may rely on the Rule 506(b) safe harbor under the Securities Act and/or Section 4(a)(2) only if it does not use general solicitation. As the foregoing discussion illustrates, Defendants knowingly offered and sold, or were willfully blind to the fact that they offered and sold, the securities in the GTV Offering through a general solicitation and furthermore, used general advertising to solicit investors and conduct the sale. They were therefore not entitled to rely on Rule 506(b).

48. That leaves Defendants with Rule 506(c) as the only potential exemption they may invoke.

49. Issuers who wish to rely the Rule 506(c) exemption may engage in general solicitation "provided that the sales are limited to accredited investors and an issuer takes reasonable steps to verify that all purchasers of the securities are accredited investors."

50. Defendants did not take any steps to verify that purchasers of GTV securities were accredited investors.

51. In one cogent illustration of this violation of Rule 506(c), defendants' "investment procedure guidelines", which were published along with Guo's April 20, 2020 YouTube video, stated, "6. concerning whether investors qualify as 'qualified investors', investors are requested to make their own judgments, do not send information or inquires to us. We cannot make any judgments."

52. In short Defendants' offering of GTV securities were not exempt from registration.

## V.  CAUSES OF ACTION

### Count I: Violation Of Sections 5 And 12(A)(1) Of The Securities Act
### (Against All Defendants)

53.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

54.   This Count is brought pursuant to Sections 5 and 12(a)(1) of the Securities Act, 15 U.S.C. §§ 77e and 77l(a)(1), against all Defendants.

55.   The interests in GTV marketed by Defendants are securities within the meaning of Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1).

56.   Defendants, and each of them, promoted, offered and/or sold securities through the GTV offering.

57.   Defendants, and each of them, are issuers, underwriters, and/or necessary participants of/in the GTV offering.

58.   No Defendant or other person filed with the SEC a registration statement for the offer and sale of GTV securities through the GTV offering, no registration statement was in effect at the time of the GTV offering, and no exemption to the registration requirement was available.

59.   Defendants, and each of them, used the instrumentalities of interstate commerce in connection with the offer and sale of GTV securities.

60.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

### Count II: Violation Of Section 15 Of The Securities Act
### (Against Defendant Guo)

61.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

62.   This Count is asserted against Defendant Guo (the "Control Person Defendant") under Section 15 of the Securities Act, 15 U.S.C. § 77o.

63.   The Control Person Defendant, by virtue of his offices, stock ownership, agency, agreements or understandings, and specific acts was, at the time of the wrongs alleged herein, and

as set forth herein, a controlling person within the meaning of Section 15 of the Securities Act. The Control Person Defendant had the power and influence and exercised the same to cause the unlawful offer and sale of GTV securities as described herein.

64. The Control Person Defendant possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of SMG and GTV, through the ownership of voting securities, by contract, subscription agreement, or otherwise.

65. The Control Person Defendant has sufficient influence to have caused SMG and GTV to submit a registration statement.

66. The Control Person Defendant participated in, and/or aided and abetted, SMG and GTV's failure to register the GTV offering.

67. By virtue of the conduct alleged herein, the Control Person Defendant is liable for the wrongful conduct complained of herein and is liable to Plaintiff for rescission and/or damages suffered.

### Count III: Violation Of Washington Securities Act
### (Against All Defendants)

68. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

69. This Count is brought pursuant to the Washington Securities Act, RCW 21.20.430 against all defendants.

70. Defendants sold unregistered securities to Washington resident.

71. Defendants sold unregistered securities, directly or indirectly controlled the seller of unregistered securities, were a partner, officer, director or person who occupies a similar status or performs a similar function of such seller of unregistered securities, or were the employee of such a seller of unregistered securities who materially aided in the sale.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

      A.      Declaring that Defendants offered and sold unregistered securities in violation of the Washington Securities Act and the Securities Act of 1933;

      B.      Awarding Plaintiff the remedy of recovery of the consideration paid for the securities, together with interest at eight percent per annum from the date of payment, costs, and reasonable attorneys' fees, against all Defendants, jointly and severally; and

      C.      Such other and further relief as this Court may deem just and proper.

## VII.  JURY DEMAND

Plaintiff hereby demands a trial by jury.

August 17, 2020

AFN Law PLLC

By: _____
Angus F. Ni
387 Park Ave S, 5th Floor,
New York, NY 10016
Phone: (646) 453-7294
Attorneys for Plaintiff