UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUIZHENG AN,<br><br>     Plaintiff,<br><br>   v.<br><br>GTV MEDIA GROUP INC., A DELAWARE CORPORATION, SARACA MEDIA GROUP INC., A DELAWARE CORPORATION, WENGUI GUO,<br><br>     Defendants. | Index No. 1:20-cv-06555-MKV<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM** |

   Defendant GTV Media Group Inc. ("GTV"), by its undersigned counsel, for its Answer to the Complaint, avers as follows:

### RESPONSE TO NUMBERED ALLEGATIONS OF THE COMPLAINT

   1. The allegations in paragraph 1 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV denies that Plaintiff is entitled to the relief sought and avers that its conduct at all times complied with applicable federal and state securities laws.

   2. The allegations in paragraph 2 of the Complaint set forth legal conclusions to which no responsive pleading is required.

   3. The allegations in paragraph 3 of the Complaint set forth legal conclusions to which no responsive pleading is required.

   4. The allegations in paragraph 4 of the Complaint set forth legal conclusions to which no responsive pleading is required.

5. GTV admits that it was legally formed on or about April 17, 2020 and that Defendants Wengui Guo ("Guo") and GTV solicited investors to invest in the Offering; GTV otherwise denies the remainder of the allegations in paragraph 5 of the Complaint.

6. GTV admits that the securities of the Offering were not registered and avers that the remainder of the allegations in paragraph 6 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV denies the allegations and avers that its conduct at all times complied with applicable federal and state securities laws.

7. The allegations in paragraph 7 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV denies the allegations and avers that its conduct at all times complied with applicable federal and state securities laws.

8. The allegations in paragraph 8 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV admits that Plaintiff Ruizheng An signed a Subscription Agreement on May 2, 2020 and that Saraca Media Group Inc. ("Saraca") received $500,000 purportedly from An on or about May 12, 2020; GTV denies the remainder of the allegations in the paragraph and avers that its conduct at all times complied with applicable federal and state securities laws.

9. The allegations in paragraph 9 of the Complaint set forth legal conclusions to which no responsive pleading is required.

10. The allegations in paragraph 10 of the Complaint set forth legal conclusions to which no responsive pleading is required.

11. The allegations in paragraph 11 of the Complaint set forth legal conclusions to which no responsive pleading is required.

12. The allegations in paragraph 12 of the Complaint set forth legal conclusions to which no responsive pleading is required.

13. The allegations in paragraph 13 of the Complaint set forth legal conclusions to which no responsive pleading is required.

14. The allegations in paragraph 14 of the Complaint set forth legal conclusions to which no responsive pleading is required.

15. GTV admits that Saraca received $500,000 purportedly from An on or about May 12, 2020 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15 of the Complaint.

16. GTV admits the allegations in paragraph 16 of the Complaint.

17. GTV admits the allegations in paragraph 17 of the Complaint.

18. GTV admits that Saraca owned 100% of GTV's shares prior to the Offering and that Saraca now owns approximately 84% of such shares.

19. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the Complaint, avers that the allegations in the second sentence of the paragraph set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV denies the allegations.

20. GTV admits that its existence was conceived by Defendant Guo, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 20 of the Complaint.

21. GTV admits the allegations in paragraph 21 of the Complaint.

22. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with applicable federal and state securities laws.

27. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint; to the extent a response is required, GTV avers that its conduct at all times complied with applicable federal and state securities laws.

28. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. GTV admits that GTV was incorporated in Delaware on or about April 17, 2020 and otherwise denies the remainder of the allegations in paragraph 29 of the Complaint.

30. With respect to the allegations in paragraph 30 of the Complaint, GTV admits that Guo appeared in a recorded video on or about April 20, 2020 and avers that his statements in that video speak for themselves.

31. With respect to the allegations in paragraph 31 of the Complaint, GTV avers that Guo's statements in the referenced video speak for themselves.

32. With respect to the allegations in paragraph 32 of the Complaint, GTV avers that Guo's statements in the referenced video speak for themselves, and otherwise denies knowledge

or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph.

33. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

34. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint; to the extent a response is required, GTV admits that Guo appeared in video presentations discussing investment in GTV and avers that GTV's conduct at all times complied with the requirements of applicable federal and state securities laws.

36. GTV admits that it received a Subscription Agreement signed by Plaintiff, dated May 2, 2020, seeking to invest as a private placement investor in GTV, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. With respect to the allegations in paragraph 38 of the Complaint, GTV admits that Saraca received $500,000 purportedly from An on or about May 12, 2020.

39. GTV admits that GNews published an article on or about May 13, 2020 referencing investment in GTV, refers to that article for its contents, and otherwise denies the remainder of the allegations in paragraph 39.

40. With respect to the allegations in paragraph 40 of the Complaint, GTV refers to the referenced article for its contents.

41. GTV admits that Guo appeared in a video posted on or about June 2, 2020, discussing the "private placement" in GTV, and refers to the video for its contents.

42. GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. GTV admits that the securities at issue in the Offering were not registered, avers that the remaining allegations in paragraph 43 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

44. GTV admits that the securities at issue in the Offering were not registered, avers that the allegations in paragraph 44 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

45. The allegations in paragraph 45 of the Complaint set forth legal conclusions to which no responsive pleading is required.

46. The allegations in paragraph 46 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

47. The allegations in paragraph 47 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

48. The allegations in paragraph 48 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

49. The allegations in paragraph 49 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

50. The allegations in paragraph 50 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

51. The allegations in paragraph 51 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and otherwise avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

52. The allegations in paragraph 52 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

53. GTV hereby incorporates by reference its answers to the preceding paragraphs of the Complaint.

54. The allegations in paragraph 54 of the Complaint set forth legal conclusions to which no responsive pleading is required.

55. The allegations in paragraph 55 of the Complaint set forth legal conclusions to which no responsive pleading is required.

56. The allegations in paragraph 56 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV admits that it promoted, offered, and sold securities through the Offering.

57. The allegations in paragraph 57 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV admits that it is an issuer of securities.

58. The allegations in paragraph 58 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV admits that no registration statement was in effect for the securities in the Offering and otherwise avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

59. The allegations in paragraph 59 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

60. GTV hereby incorporates by reference its answers to the preceding paragraphs of the Complaint.

61. GTV gives no answer to the allegations in paragraph 61 of the Complaint, as these allegations are not directed against GTV.

62. GTV gives no answer to the allegations in paragraph 62 of the Complaint, as these allegations are not directed against GTV.

63. GTV gives no answer to the allegations in paragraph 63 of the Complaint, as these allegations are not directed against GTV.

64. GTV gives no answer to the allegations in paragraph 64 of the Complaint, as these allegations are not directed against GTV.

65. GTV gives no answer to the allegations in paragraph 65 of the Complaint, as these allegations are not directed against GTV.

66. GTV gives no answer to the allegations in paragraph 66 of the Complaint, as these allegations are not directed against GTV.

67. GTV gives no answer to the allegations in paragraph 67 of the Complaint, as these allegations are not directed against GTV.

68. GTV hereby incorporates by reference its answers to the preceding paragraphs of the Complaint.

69. The allegations in paragraph 69 of the Complaint set forth legal conclusions to which no responsive pleading is required.

70. The allegations in paragraph 70 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws

71. The allegations in paragraph 71 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, GTV avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

## **AFFIRMATIVE DEFENSES**

GTV further responds to the Complaint, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and states as follows its affirmative and other defenses, without admitting thereby that

it bears the burden of proof or persuasion for any such defense. GTV reserves the right to supplement, amend, or delete any or all of the following defenses prior to any trial of this action, and to assert any additional counterclaims and third-party claims.

### First Affirmative Defense

GTV's conduct at all times complied with the requirements of the Securities Act of 1933 and with the requirements of the Washington Securities Act.

### Second Affirmative Defense

Plaintiff's claims are barred by the express terms of Section 2(p) of the Subscription Agreement executed by Plaintiff and sent to GTV on or about May 2, 2020.  Contrary to Plaintiff's representations made in Section 2(p) of the Subscription Agreement, upon information and belief, Plaintiff is a member or an agent of the Chinese Communist Party ("CCP"), who has acted in collusion with the CCP, adversely to GTV.  Accordingly, and pursuant to the express terms of Subscription Agreement Section 2(p), Plaintiff has forfeited his right to any and all Purchased Shares of GTV.

### COUNTERCLAIM
### (Breach of Contract)

Pursuant to Rule 13 of the Federal Rules of Civil Procedure and by its undersigned counsel, Counterclaimant GTV Media Group Inc. hereby asserts the following counterclaim against Counterclaim Defendant Ruizheng An:

1.  This Court has jurisdiction over this counterclaim pursuant to Title 28, United States Code, Section 1367, as the Court has original jurisdiction over the Complaint, and this counterclaim is so related to the claims in the Complaint that the counterclaim forms a part of the same case or controversy under Article III of the United States Constitution.

2.     Counterclaim Defendant An has materially breached the terms of the signed Subscription Agreement, and pursuant to its terms, he is obligated to indemnify Counterclaimant GTV.

3.     Counterclaim Defendant An executed and sent the Subscription Agreement to GTV on or about May 2, 2020.

4.     The Subscription Agreement sets forth the terms and conditions of Counterclaim Defendant An's agreement to subscribe for and purchase shares of the Common Stock of GTV.

5.     Pursuant to Section 2 of the Subscription Agreement, Counterclaim Defendant An made certain "representations, warranties, covenants and agreements . . . with the intent that the same may be relied upon by the Company in determining the suitability of [Counterclaim Defendant An ] as a stockholder of the Company."

6.     Under Section 2(p) of the Subscription Agreement, Counterclaim Defendant An affirmed and represented that he "is not a member, nor is [he] an agent of, the Chinese Communist Party ('CCP')" and that he "recognizes that membership, agency, or collusion with the CCP will result in a forfeiture of any and all Purchased Shares."

7.     Upon information and belief, Counterclaim Defendant An's representations in Section 2(p) were false.  Contrary to his express representations, upon information and belief, he is, in fact, a member or an agent of the CCP, who has acted in collusion with the CCP, adversely to GTV.

8.     Specifically, in or about May 2020, one of the servers used for the GTV platform was the victim of a cyber attack.  GTV has been advised by its technical consultants that this attack emanated from Beijing and was perpetrated by actors affiliated with WA&HF, the software

development company owned by Counterclaim Defendant An.  Upon information and belief, the circumstances of such attack indicate that the attack was perpetrated in collusion with the CCP.

9. Accordingly, pursuant to terms of the Subscription Agreement, Section 2(p), Counterclaim Defendant An has forfeited his right to any and all Purchased Shares of GTV.

10. Section 6 of the Subscription Agreement provides as follows:

> The Investor [Counterclaim Defendant An] agrees to indemnify and hold harmless the Company, and each of its employees, directors, agents and attorneys, from and against any and all loss, liability, claims, damages and expense (including any expense reasonably incurred in investigating, preparing or defending against any litigation commenced or threatened or any claim whatsoever) related to any misrepresentation or breach of warranty or breach of agreement by the Investor contained herein or in any other documents furnished by the Investor to the Company in connection with this transaction.

11. Pursuant to the terms of Section 6 of the Subscription Agreement, Counterclaim Defendant An is obligated to indemnify and hold harmless GTV from and against all damages and expenses incurred by GTV in connection with his misrepresentations and breach of the Subscription Agreement.

12. GTV has been damaged in an amount to be determined at trial, by its incurring of expenses, including reasonable attorneys' fees, by virtue of Counterclaim Defendant An's above-described breach of the Subscription Agreement.

**PRAYER FOR RELIEF**

**WHEREFORE**, GTV respectfully requests that this Court enter judgment:

a. that Ruizheng An take nothing by reason of the Complaint;

b. on GTV's counterclaim, declaring Ruizheng An in breach of contract, directing that his shares be forfeited, and awarding GTV its costs, reasonable attorneys' fees, and other reasonable expenses to the extent permitted by law; and

c. such other and further relief as the Court deems just and proper.

Dated: New York, NY
October 5, 2020

Respectfully submitted,

**WALDEN MACHT & HARAN LLP**

By: *Jeffrey Udell*
Jim Walden
Jeffrey A. Udell
One Battery Park Plaza, 34th Floor
New York, NY 10004
Tel: (212) 335-2030
jwalden@wmhlaw.com

*Attorney for Defendants GTV Media Group Inc. and Saraca Media Group Inc.*