UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUIZHENG AN,<br><br>                Plaintiff,<br><br>      v.<br><br>GTV MEDIA GROUP INC., A DELAWARE CORPORATION, SARACA MEDIA GROUP INC., A DELAWARE CORPORATION, WENGUI GUO,<br><br>                Defendants. | Index No. 1:20-cv-06555-MKV<br><br>**ANSWER TO COMPLAINT** |

Defendant Saraca Media Group Inc. ("Saraca"), by its undersigned counsel, for its Answer to the Complaint, avers as follows:

**RESPONSE TO NUMBERED ALLEGATIONS OF THE COMPLAINT**

1.      The allegations in paragraph 1 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca denies that Plaintiff is entitled to the relief sought and avers that its conduct at all times complied with applicable federal and state securities laws.

2.      The allegations in paragraph 2 of the Complaint set forth legal conclusions to which no responsive pleading is required.

3.      The allegations in paragraph 3 of the Complaint set forth legal conclusions to which no responsive pleading is required.

4.      The allegations in paragraph 4 of the Complaint set forth legal conclusions to which no responsive pleading is required.

5.        Saraca admits that GTV Media Group Inc. ("GTV") was legally formed on or about April 17, 2020 and that Defendants Wengui Guo ("Guo") and GTV solicited investors to invest in the Offering; Saraca otherwise denies the remainder of the allegations in paragraph 5 of the Complaint.

6.        Saraca admits that the securities of the Offering were not registered and avers that the remainder of the allegations in paragraph 6 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca denies the allegations and avers that its conduct at all times complied with applicable federal and state securities laws.

7.        The allegations in paragraph 7 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca denies the allegations and avers that its conduct at all times complied with applicable federal and state securities laws.

8.        The allegations in paragraph 8 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca admits that Plaintiff Ruizheng An signed a Subscription Agreement on May 2, 2020 and that Saraca received $500,000 purportedly from An on or about May 12, 2020; Saraca denies the remainder of the allegations in the paragraph and avers that its conduct at all times complied with applicable federal and state securities laws.

9.        The allegations in paragraph 9 of the Complaint set forth legal conclusions to which no responsive pleading is required.

10.       The allegations in paragraph 10 of the Complaint set forth legal conclusions to which no responsive pleading is required.

11. The allegations in paragraph 11 of the Complaint set forth legal conclusions to which no responsive pleading is required.

12. The allegations in paragraph 12 of the Complaint set forth legal conclusions to which no responsive pleading is required.

13. The allegations in paragraph 13 of the Complaint set forth legal conclusions to which no responsive pleading is required.

14. The allegations in paragraph 14 of the Complaint set forth legal conclusions to which no responsive pleading is required.

15. Saraca admits that it received $500,000 purportedly from An on or about May 12, 2020 and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15 of the Complaint.

16. Saraca admits the allegations in paragraph 16 of the Complaint.

17. Saraca admits the allegations in paragraph 17 of the Complaint.

18. Saraca admits that it owned 100% of GTV's shares prior to the Offering and that it now owns approximately 84% of such shares.

19. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the Complaint, avers that the allegations in the second sentence of the paragraph set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca denies the allegations.

20. Saraca admits that GTV's existence was conceived by Defendant Guo, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 20 of the Complaint.

21. Saraca admits the allegations in paragraph 21 of the Complaint.

22. Saraca admits the allegations in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint set forth legal conclusions to which no responsive pleading is required.

24. The allegations in paragraph 24 of the Complaint set forth legal conclusions to which no responsive pleading is required.

25. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with applicable federal and state securities laws.

27. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint; to the extent a response is required, Saraca avers that its conduct at all times complied with applicable federal and state securities laws.

28. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Saraca admits that GTV was incorporated in Delaware on or about April 17, 2020 and otherwise denies the remainder of the allegations in paragraph 29 of the Complaint.

30. With respect to the allegations in paragraph 30 of the Complaint, Saraca admits that Guo appeared in a recorded video on or about April 20, 2020 and avers that his statements in that video speak for themselves.

31. With respect to the allegations in paragraph 31 of the Complaint, Saraca avers that Guo's statements in the referenced video speak for themselves.

32. With respect to the allegations in paragraph 32 of the Complaint, Saraca avers that Guo's statements in the referenced video speak for themselves, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph.

33. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

34. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint; to the extent a response is required, Saraca admits that Guo appeared in video presentations discussing investment in GTV and avers that Saraca's conduct at all times complied with the requirements of applicable federal and state securities laws.

36. Saraca admits that GTV received a Subscription Agreement signed by Plaintiff, dated May 2, 2020, seeking to invest as a private placement investor in GTV, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. With respect to the allegations in paragraph 38 of the Complaint, Saraca admits that it received $500,000 purportedly from An on or about May 12, 2020.

39. Saraca admits that GNews published an article on or about May 13, 2020, referencing investment in GTV, refers to that article for its contents, and otherwise denies the remainder of the allegations in paragraph 39.

40. With respect to the allegations in paragraph 40 of the Complaint, Saraca refers to the referenced article for its contents.

41. Saraca admits that Guo appeared in a video posted on or about June 2, 2020, discussing the "private placement" in GTV, and refers to the video for its contents.

42. Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Saraca admits that the securities at issue in the Offering were not registered, avers that the remaining allegations in paragraph 43 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

44. Saraca admits that the securities at issue in the Offering were not registered, avers that the allegations in paragraph 44 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

45. The allegations in paragraph 45 of the Complaint set forth legal conclusions to which no responsive pleading is required.

46. The allegations in paragraph 46 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

47. The allegations in paragraph 47 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

48. The allegations in paragraph 48 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

49. The allegations in paragraph 49 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

50. The allegations in paragraph 50 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

51. The allegations in paragraph 51 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and otherwise avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

52. The allegations in paragraph 52 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

53. Saraca hereby incorporates by reference its answers to the preceding paragraphs of the Complaint.

54. The allegations in paragraph 54 of the Complaint set forth legal conclusions to which no responsive pleading is required.

55. The allegations in paragraph 55 of the Complaint set forth legal conclusions to which no responsive pleading is required.

56. The allegations in paragraph 56 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers its conduct at all times complied with applicable federal and state securities laws.

57. The allegations in paragraph 57 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers its conduct at all times complied with applicable federal and state securities laws.

58. The allegations in paragraph 58 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca admits that no registration statement was in effect for the securities in the Offering and otherwise avers that Saraca's conduct at all times complied with the requirements of applicable federal and state securities laws.

59. The allegations in paragraph 59 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

60. Saraca hereby incorporates by reference its answers to the preceding paragraphs of the Complaint.

61. Saraca gives no answer to the allegations in paragraph 61 of the Complaint, as these allegations are not directed against Saraca.

62. Saraca gives no answer to the allegations in paragraph 62 of the Complaint, as these allegations are not directed against Saraca.

63. Saraca gives no answer to the allegations in paragraph 63 of the Complaint, as these allegations are not directed against Saraca.

64. Saraca gives no answer to the allegations in paragraph 64 of the Complaint, as these allegations are not directed against Saraca.

65. Saraca gives no answer to the allegations in paragraph 65 of the Complaint, as these allegations are not directed against Saraca.

66. Saraca gives no answer to the allegations in paragraph 66 of the Complaint, as these allegations are not directed against Saraca.

67. Saraca gives no answer to the allegations in paragraph 67 of the Complaint, as these allegations are not directed against Saraca.

68. Saraca hereby incorporates by reference its answers to the preceding paragraphs of the Complaint.

69. The allegations in paragraph 69 of the Complaint set forth legal conclusions to which no responsive pleading is required.

70. The allegations in paragraph 70 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

71. The allegations in paragraph 71 of the Complaint set forth legal conclusions to which no responsive pleading is required; to the extent a response is required, Saraca avers that its conduct at all times complied with the requirements of applicable federal and state securities laws.

## AFFIRMATIVE DEFENSES

Saraca further responds to the Complaint, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and states as follows its affirmative and other defenses, without admitting thereby that it bears the burden of proof or persuasion for any such defense. Saraca reserves the right to supplement, amend, or delete any or all of the following defenses prior to any trial of this action, and to assert any additional counterclaims and third-party claims.

### First Affirmative Defense

Saraca's conduct at all times complied with the requirements of the Securities Act of 1933 and with the requirements of the Washington Securities Act.

### Second Affirmative Defense

Plaintiff's claims are barred by the express terms of Section 2(p) of the Subscription Agreement executed by Plaintiff and sent to GTV on or about May 2, 2020. Contrary to Plaintiff's representations made in Section 2(p) of the Subscription Agreement, upon information and belief, Plaintiff is a member or an agent of the Chinese Communist Party ("CCP"), who has acted in collusion with the CCP, adversely to GTV. Accordingly, and pursuant to the express terms of Subscription Agreement Section 2(p), Plaintiff has forfeited his right to any and all Purchased Shares of GTV.

### PRAYER FOR RELIEF

**WHEREFORE**, Saraca respectfully requests that this Court enter judgment:

a. that Ruizheng An take nothing by reason of the Complaint;

b. awarding Saraca its costs, reasonable attorneys' fees, and other reasonable expenses to the extent permitted by law; and

c. such other and further relief as the Court deems just and proper.

Dated: New York, NY
October 5, 2020

Respectfully submitted,

**WALDEN MACHT & HARAN LLP**

By: _____*Jeffrey Udell*_____
Jim Walden
Jeffrey A. Udell
One Battery Park Plaza, 34th Floor
New York, NY 10004
Tel: (212) 335-2030
jwalden@wmhlaw.com

*Attorney for Defendants GTV Media Group Inc. and Saraca Media Group Inc.*