# EXHIBIT F

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| PRESENT: | HON. BARRY R. OSTRAGER | | PART | IAS MOTION 61EFM |
|---|---|---|---|---|
| | *Justice* | | | |

-----------------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                              Plaintiff,

                              - v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

                              Defendants.

| INDEX NO. | 652077/2017 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

HON. BARRY R. OSTRAGER

      Before the Court is plaintiff Pacific Alliance Asia Opportunity Fund L.P.'s ("Pacific Alliance") motion for partial summary judgement on Count I of the Amended Complaint against defendant Kwok Ho Wan a/k/a Miles Kwok ("Kwok") and defendant Kwok's cross-motion for reargument on motion 006. The Court heard oral argument via Skype on September 14, 2020. Based on the papers submitted and the arguments made on the record of September 14, 2020, and for the reasons that follow, Pacific Alliance's motion for partial summary judgment is granted, and Kwok's motion for reargument on motion 006 is denied.

**Background**

      In 2008, Pacific Alliance entered into an agreement with Spirit Charter Investment Limited ("Spirit"), one of Kwok's business entities, under which Pacific Alliance provided Spirit with a loan facility in the principal amount of $30 million. Kwok executed a personal Guarantee of the loan. In September 2009, Spirit executed a deed under which Shiny Times Holdings Limited ("Shiny Times"), a business listing Kwok as its sole shareholder and director, assumed

the loan debt that Spirit owed to Pacific Alliance. Kwok again executed a personal guarantee in favor of Pacific Alliance to secure Shiny Times' repayment obligation.

In March 2011, Pacific Alliance and Shiny Times entered into a new loan facility ("2011 Loan Facility") that expressly superseded and replaced the 2009 Deed of Settlement and a 2010 Letter Agreement. Simultaneously, Kwok entered into a new personal guarantee ("2011 Personal Guarantee") which expressly superseded the 2009 Guarantee. The 2011 Personal Guarantee is the operative agreement in this action.

In April 2013, the parties entered into a Deed of Settlement, whereby the outstanding loan amount would no longer be due and owing to Pacific Alliance if Pacific Alliance purchased certain apartments from Beijing Pangu Investment Inc. ("Beijing Pangu"), another Kwok business entity, and Shiny Times' made certain installment payments to Pacific Alliance. Beijing Pangu was required to satisfy ten conditions precedent in connection with the sale and purchase of each of the apartments by Pacific Alliance. If any such condition was not satisfied by June of 2013, the Deed of Settlement would be terminated in its entirety. Pacific Alliance and Kwok subsequently executed four extensions of the Deed of Settlement, changing only the date by which the conditions precedent needed to be satisfied. The latest Deed of Settlement required that the conditions precedent be satisfied by June of 2015.

Pacific Alliance seeks summary judgment on Count I of the Amended Complaint which alleges that Kwok failed to satisfy the conditions precedent by June of 2015 and thus, per the terms of the agreement, the Deed of Settlement was terminated in its entirety and the 2011 Personal Guarantee again controlled.

The Court recently held, in response to Pacific Alliance's motion for sanctions, that Kwok was judicially estoppel from challenging the authenticity of documents that Kwok had

2

previously sponsored in proceedings before this Court. *See* NYSCEF Doc. No. 404. Specifically, at his November 2019 deposition, Kwok denied having signed several agreements discussed above, including the 2011 Loan Facility, the 2011 Personal Guarantee, the 2013 Deed of Settlement, and the four Supplemental Deeds. Kwok testified that the documents were forgeries. On the motion for contempt, Pacific Alliance argued, and the Court found, that these denials were inconsistent with the positions Kwok had taken throughout the duration of this 2017 case. As such, the Court held that Kwok was judicially estopped from challenging the authenticity of these agreements in opposition to Pacific Alliance's motion for summary judgment or at trial.

**<u>Kwok's Cross-Motion</u>**

Turning first to defendant Kwok's cross-motion for leave to reargue the Court's Decision and Order dated July 7, 2020 (NYSCEF Doc. No. 404), this motion is denied. As stated above, the Court held that Kwok was judicially estopped from challenging the authenticity of the agreements that Kwok had previously sponsored as authentic before the Court in this proceeding. Kwok argues that the Court misapprehended the law in reaching this holding. This Court rejects that argument in its entirety.

At the outset of this case, Kwok moved to dismiss this action on *forum non conveniens* grounds (motion 001). The Court granted Kwok's motion (NYSCEF Doc. No. 102), which decision was subsequently reversed and remitted by the First Department (NYSCEF Doc. 121). In making his motion to dismiss, Kwok argued that the contracts at issue were governed by Hong Kong law. Specifically, Kwok attached to his motion "true and correct" copies of several agreements among the parties including the 2011 Personal Guarantee (NYSCEF Doc. No. 17) and the 2013 Deed of Settlement (NYSCEF Doc. No. 18), which he now contests.

3

Kwok now argues that because the thrust of his argument on the motion to dismiss and the Court's decision related to *forum non conveniens,* (1) he is not actually changing his position on the authenticity of the documents, and (2) the Court did not actually determine the authenticity of the documents. This argument is incorrect. Kwok's assertion that the case should have been dismissed in favor of a resolution in Hong Kong *because the agreements on their face are governed by Hong Kong law* necessarily required an argument by Kwok, and an acceptance by the Court, that the agreements were authentic and not forgeries, as Kwok now claims.

Kwok further argues that in any event judicial estoppel cannot apply because there was no final determination on the merits on the issue of whether the contracts were authentic, because the First Department reversed this Court's decision on the motion to dismiss. This argument is not supported by the case law in the First Department. Judicial estoppel is an equitable doctrine used to prevent a party from changing its position during the same litigation. *See e.g. Nestor v. Britt*, 270 A.D.2d 192, 193 (2000) ("[u]nder the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding."). Indeed, because judicial estoppel is used to prevent parties from changing their position in the same litigation – a final determination *cannot* be a prerequisite for judicial estoppel. *See id* (precluding the landlord from relying on a different lease on appeal than had been relied on at the trial-court level in the same proceeding).

Additionally, the Court notes that Kwok never pleaded that the documents were forgeries in either of his Answers, which is an affirmative defense. *See e.g., Proner v. Julien & Schlesinger, P.C.*, 214 A.D.2d 460, 461 (First Dept. 1995) (granting a motion for leave to amend the pleadings to add affirmative defense of forgery); *Great Am. Ins. Co. v. Giardino,* 71 A.D.2d

4

836, 836 (Fourth Dept. 1979) (holding that "proof of defendants' handwriting was material in light of their affirmative defense of forgery").

Kwok's recent, uncorroborated assertion that the agreements are forgeries is inconsistent with his prior position in this litigation – and therefore provides an appropriate basis for judicial estoppel. Accordingly, Kwok's cross-motion for reargument is denied, and the agreements previously sponsored by Kwok are accepted as authentic for the purpose of evaluating plaintiff's motion for partial summary judgment.

**Pacific Alliance's Motion**

The Court is granting summary judgment in favor of plaintiff Pacific Alliance holding defendant Kwok liable for breach of contract under the 2011 Personal Guarantee. By the plain terms of the 2013 Deed of Settlement, the failure to satisfy the conditions precedent to the settlement by June 30, 2015, would result in reverting to the 2011 Personal Guarantee being in full force and effect. *See* NYSCEF Doc. 461.

> **Clause 3.4:** Reversion of the Facility Letter after 31 July 2013. In the event that all conditions precedent set out in Clause 3.2 for all Apartments have not been satisfied by 31 July 2013 (or such later date agreed by the Parties in writing[— here, 30 June 2015, per the fourth and final supplemental Deed of Settlement]), **then the entire settlement as contemplated under this Deed shall be terminated and the Parties acknowledge that the Facility Letter shall revert and be in full force and effect immediately** after 31 July 2013 (or such later date agreed by the Parties in writing) and Shiny Times shall be obliged to settle the Total Outstanding Amount and any interest accrued thereon in accordance with the terms and conditions of the Facility Letter. (emphasis added).

*See also* NYSCEF Doc. No. 472 "Fourth Supplemental Deed of Settlement" (changing the date to satisfy the conditions precedent to "30 June 2015").

Plaintiff Pacific Alliance has shown, and defendant Kwok has failed to refute, that several of the conditions precedent in the 2013 Deed of Settlement were not fulfilled. Namely, defendant Kwok failed to deliver clean title, failed to provide plaintiff with an invoice for the

5

purchase of the apartments, failed to provide plaintiff with evidence regarding the payment of all relevant taxes and charges in connection with the sale and purchase of the apartments, and failed to deliver the House Ownership Certificates of any of the Apartments to plaintiff. *See* NYSCEF Doc. No. 461 ¶ 3.2 (e)(g)(h)(i).

Kwok does not dispute that these conditions were never satisfied. Instead, in opposition, Kwok argues that plaintiff Pacific Alliance failed to mitigate its damages when it allegedly did not act on an opportunity to potentially seize the three apartments with the aid of Beijing police.

First, even taking Kwok's version of events as true, mitigation speaks to damages, not liability, and thus these events would not preclude partial summary judgment on liability. Second, as demonstrated by the documentary evidence sponsored by both parties, the alleged opportunity to take possession of the three apartments with the aid of police only came up *after* June 2015, and thus the 2013 Deed of Settlement had already been nullified in its entirety and the 2011 Personal Guarantee was in full force and effect. Third, Kwok has never pleaded, in either of his Answers, mitigation, which is an affirmative defense. *See e.g. Eskenazi v. Mackoul,* 72 A.D.3d 1012, 1014 (2d Dep't 2010) (referring to "the affirmative defense of failure to mitigate damages").

Finally, under Hong Kong law, a party is only required to act *reasonably* to mitigate damages. *See* Affirmation of Vishal Prakash Melwani at ¶17.2 (NYSCEF Doc. No. 535) *and see* Affirmation of Phillip Loukis Georgiou (NYSCEF Doc. No. 498) at ¶¶ 18.3 and 21. The record currently indicates that to take advantage of the alleged offer of the Beijing Police, Pacific Alliance would have needed to pay RMB35m [approximately USD$5.5 million] per unit to get them released. *See* NYSCEF Doc. No. 519 PAX-KWOK-017288. The prospect of paying approximately $16 million for assets that the parties had agreed would be transferred free of

6

charge to settle a debt would likely not have qualified as a *reasonable* opportunity to mitigate damages under Hong Kong law. Nevertheless, the Court reserves decision as to the issue of damages.

Under the 2011 Personal Guarantee

- Kwok "irrevocably and unconditionally. . . guarantee[d] to PAX [Pacific Alliance] the due and punctual payment of [Shiny Times'] [o]bligations [under the 2011 Facility] and agree[d] that promptly on PAX's demand he will pay to PAX all [o]bligations that are due but unpaid";

- Kwok "irrevocably and unconditionally agree[d] (as primary obligor and not only as surety) to indemnify and hold harmless PAX on demand from and against any and all losses incurred by PAX as a result of any [o]bligation [of Shiny Times] being or becoming void, voidable, unenforceable, or ineffective as against Shiny Times for any reason whatsoever . . . .";

- Kwok agreed that his "obligations . . . under this Guarantee shall constitute and be continuing obligations which shall not be released or discharged by any intermediate payment of [Shiny Times'] [o]bligations [under the 2011 Loan Facility] or any of them, shall continue in full force and effect until the unconditional and irrevocable payment and discharge in full of [those o]bligations and are in addition to and independent of, and shall not prejudice or merge with, any other security (or any right of setoff) which PAX may at any time hold in respect of [those o]bligations or any of them;"

- PAX was permitted to seek recourse against Kwok as primary obligor without first enforcing the debt against Shiny Times; and

- Kwok agreed to a catchall waiver of any defenses based on "any other act, event or omission which might operate to discharge, impair or otherwise affect the Guarantor or any of the Obligations or any of the rights, powers, and remedies conferred upon [PAX LP] by this Guarantee or by law."

Kwok does not argue that either he or Shiny Times made any payments under the 2011 Loan Facility or the 2011 Personal Guarantee to satisfy the debt. Accordingly, the Court finds Kwok liable for breach of the 2011 Personal Guarantee.

**Conclusion**

The remaining issue in the action – Count II of the Amended Complaint – seeks to hold two of Kwok's companies—Genever Holdings LLC and Genever Holdings Corporation— liable

for Kwok's debt to Pacific Alliance as alter egos. This action was scheduled for a jury trial on October 5, 2020. Due to the Covid-19 pandemic, the Court is unable to have a jury trial on that date and the trial is rescheduled for January 15, 2021.

Accordingly, it is hereby,

ORDERED that defendant Kwok's cross-motion for reargument is denied; and it is further

ORDERED that plaintiff's motion for partial summary judgment on Count I of the Amended Complaint is granted in favor of Pacific Alliance Asia Opportunity Fund L.P. and against Kwok Ho Wan, a/k/a Kwok Ho, a/ka, GWO Wen Gui, a/ka/ Gui Wengui, a/ka/ Guo Wen-Gui, a/ka/ Wan Gue Haoyun a/k/a Miles Kwok a/ka/ Haoyun Guo to the extent of holding defendant Kwok liable for breach of contract; and it is further

ORDERED that plaintiff shall move no later than October 14, 2020 by notice of motion returnable in the Submissions Part to establish damages on Count I by presenting affidavits on personal knowledge and evidence in admissible form as to the principal amount due and owing under the 2011 Personal Guarantee, the rate of interest applicable under the 2011 Personal Guarantee, and the date from which interest is accruing, so that the Clerk of Court may calculate the total amount due and owing as of the date of entry of judgment; and it is further

ORDERED that plaintiff shall simultaneously move for an award of legal fees and expenses, setting forth the document which plaintiff is relying on and attaching invoices for services rendered; and it is further

8

ORDERED that the parties appear for a status conference on December 22, 2020 at 10:20 am.

Dated: September 15, 2020

_Barry Ostrager_
BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |